IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SHRAGA SEIDEN, an individual,

       Plaintiff,

vs.

ALBA VARELA, P.A., a Florida professional association, doing business as "LawPros Management" and "LawPros Law Firm," LAW ADMINISTRATION SERVICES, LLC, a Florida Limited Liability Company, doing business as "LawPros Management" and "LawPros," FLORIDA LAWPROS P.A., a Florida corporation, doing business as "LawPros Law Firm" and "LawPros," and ALBA VARELA, an individual,

       Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Shraga Seiden, an individual ("Mr. Seiden"), sues Defendants, ALBA VARELA, P.A., a Florida professional association doing business as "LawPros Management" and "LawPros Law Firm," LAW ADMINISTRATION SERVICES, LLC, a Florida Limited Liability Company, doing business as "LawPros Management" and "LawPros," FLORIDA LAWPROS P.A., a Florida corporation, doing business as "LawPros Law Firm" and "LawPros," and ALBA VARELA, an individual (collectively, "Defendants"), and alleges:

### INTRODUCTION

1.     This is an action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statute

§559.551, *et sequi*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), to address abusive debt collection violations by Defendants.

## JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

## ALLEGATIONS AS TO PARTIES

3.      At all times material hereto, Plaintiff, Shraga Seiden ("Mr. Seiden"), was *sui juris* and a resident of Miami-Dade County, Florida.

4.      At all times material hereto, Defendant Alba Varela, P.A., a Florida professional association ("Collection Law Firm"), was a Florida professional association, doing business alternatively under the trade names "LawPros Management," and "LawPros Law Firm," in Miami-Dade County, Florida.

5.      At all times material hereto, Defendant, Florida LawPros, P.A., was a Florida corporation, doing business alternatively under the trade names "LawPros Law Firm" and "LawPros," in Miami-Dade County, Florida.

6.      At all times material hereto, Defendant, Law Administration Services, LLC, was doing business alternatively under the trade names "LawPros" and "LawPros Management" in Miami-Dade County, Florida.

7.      At all times material hereto, Defendant, Alba Varela ("Attorney Varela"), was *sui juris* and a resident of Miami-Dade County, Florida.

8.      At all times material hereto, Defendants are and were engaged in the collection of consumer debts using instrumentalities of interstate commerce, the telephone or the mails.

# FACTUAL ALLEGATIONS

## A. *Details Concerning Consumer Debt*

9. At all times material hereto, Mr. Seiden maintained his usual place of residence and abode at 1351 N.E. 191st Street, Unit E-414, Miami, Florida 33179 ("Seiden Residence").

10. At all times material hereto, the Seiden Residence was subject to the Declaration Condominium for Rolling Green Condominium E ("Rolling Green Governance Documents").

## B. *Abusive Collection Practices of Defendant*

### 1. *Initial Collection Demand*

11. At some time prior to May 2016, Rolling Green Condominium E Association ("Rolling Green HOA") retained Defendants for the purpose of collecting monies for the condominium association fees purportedly due on the Seiden Residence.

12. Commencing in May, 2016 to the date of the filing hereof, Defendants, through their agents, employees and/or representatives acting within the scope of their employment and with the authority of Defendants, began a pattern of conduct reasonably calculated to compel Mr. Seiden into paying monies far in excess of that owed for condominium association fees to Rolling Green HOA.

13. On or about May 6, 2016, Defendants sent or caused to be sent to Mr. Seiden written correspondence known more commonly in the collection industry as a "dunning letter" for the purpose of collecting monies for association fees purportedly owed by Mr. Seiden to the Rolling Green HOA ("Initial Collection Communication").

14. A true and correct copy of the Initial Collection Communication is attached hereto and incorporated by reference as Exhibit "A."

15. Defendants through the Initial Collection Communication attempted to collect the sum of Two Hundred Fifty Dollars ($250.00) as and for "Collection demand letter processing/Legal Fees" ("First Collection Charges").

16. The First Collection Charges do not represent the actual or reasonable charges incurred by the Rolling Green HOA for the preparation and transmission of a computer-generated letter that is massed produced by Defendants.

17. For an extended period of time prior to the filing of the instant action, Defendants have maintained a practice and pattern of transmitting or causing to be transmitted dunning letters in the form of the Initial Collection Communication to consumers such as Mr. Seiden for various homeowners and condominium associations in the State of Florida which demanded that the consumer pay fees and costs in the amount of the First Collection Charges.

*2. Attempt to Obtain Unconscionable and Unlawful Collection Fees by Defendants*

18. On or about October 26, 2016, Defendants sent or caused to be sent a letter to Mr. Seiden to collect monies purportedly owed to Rolling Green HOA ("Second Collection Communication").

19. A true and correct copy of the Second Collection Communication is attached hereto and incorporated by reference as Exhibit "B."

20. The Second Collection Communication, which was sent on letterhead for LawPros Law Firm which is the "doing business as" name used by Defendant, Florida LawPros, P.A., was signed by a representative for Defendant, Alba Varela, P.A., as indicated in the signature block.

21.     Upon information and belief, the signature is that of Defendant, Alba Varela, an individual, who is the President of Alba Varela, P.A., and who is also the President of Defendant, Florida LawPros, P.A.

22.     Pursuant to the Second Collection Communication, in addition to maintenance fees and special assessments of Eleven Thousand Six Hundred Thirty-Nine and 64/100ths Dollars ($11,639.64) and accrued interest of Two Thousand Ninety-Five and 14/100ths Dollars ($2,095.14), Defendants claim the right to the following additional charges:

| | |
|---|---|
| Estoppel/payoff fee | $   595.00 |
| LawPros Management | $4,995.00 |
| Alba Varela, P.A. | $1,750.00 |
| LAS | $1,995.00 |

(collectively, "Second Collection Charges").

23.     The First Collection Charges and Second Collection Charges constituted fabricated, unreasonable and unconscionable fees that were not authorized under the Rolling Green Governance Documents or Florida law.

24.     By information and belief, as the Defendants did not charge homeowners and condominium associations such as the Rolling Green HOA directly, the homeowners and condominium associations were unaware of the collection fees and charges which Defendants were attempting to collect from persons such as Mr. Seiden.

### *3.  Practices of Defendants*

25.     It is or was the policy and practice of Defendants to send collection letters in the form of Exhibit "A" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers with respect to the validation of consumer debts under 15 U.S.C. §1692g.

26. It is or was the policy and practice of Defendants to send collection letters in the form of Exhibits "A" and "B" to consumers wherein Defendants charged or attempted to charge for collection fees and charges for which the Defendants were not entitled to recover from consumers such as Mr. Seiden.

## COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692, *ET SEQUI*)

27. This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

28. Mr. Seiden realleges and reaffirms the allegations contained in Paragraphs 1 through 26 above as if set forth hereat in full.

29. At all times material hereto, Mr. Seiden was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

30. At all times material hereto, Rolling Green HOA was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

31. At all times material hereto, the assessment(s) purportedly owed to Rolling Green HOA was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

32. At all times material hereto, Defendants were "debt collector(s)" as said term is defined under 15 U.S.C. §1692a(6).

33. As more particularly described above, Defendants have violated the FDCPA in that Defendants have:

    (a) engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C.§1692d;

(c) made a false, deceptive or misleading representation or means in connection with the collection of a debt in contravention of 15 U.S.C. §1692e;

(d) made a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

(e) made a false representation of the services rendered or compensation which may be lawfully received by Defendants as debt collectors in contravention of 15 U.S.C. §1692e(2)(B);

(f) used any false representation or deceptive means to attempt to collect a debt in contravention of 15 U.S.C. §1692e(10);

(g) used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f; and

(h) the collection of any amount (including any interest, fee, charge or expense) incidental to the principal obligation unless such amount is expressly authorized by the agreement creating the debt or permitted by law in contravention of 15 U.S.C. §1692f(1).

34. 15 U.S.C. §1692g provides, in pertinent part, the following:

### Notice of Debts; Contents

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(a) The amount of the debt;

(b) The name of the creditor to whom the debt is owed;

(c) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any

  portion thereof, the debt will be assumed to be valid by the debt collector;

  (d) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  (e) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

  35. Through the sending of the Initial Collection Communication, Defendants violated the requirements of 15 U.S.C. §1692g by failing to provide Mr. Seiden with a notice of validation rights as required by the FDCPA.

  36. As a direct and proximate result of the violation of the FDCPA by the Defendants, Mr. Seiden has been damaged. The damages of Mr. Seiden includes but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

  37. Pursuant to 15 U.S.C. §1692k, Mr. Seiden is entitled to recover actual damages together with statutory damages of One Thousand Dollars ($1,000.00), along with court costs and reasonable attorney's fees.

  38. Mr. Seiden has retained the attorneys to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

  WHEREFORE, Plaintiff, Shraga Seiden, an individual, demands judgment against Defendants, Alba Varela, P.A., a Florida professional association doing business as "LawPros Management" and "LawPros Law Firm," Law Administration Services, LLC, a Florida Limited Liability Company, doing business as "LawPros Management," Florida LawPros, P.A., a Florida

corporation, doing business as "LawPros Law Firm" and "LawPros," and Alba Varela, an individual, for compensatory and statutory damages, together with interest, costs and attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

39. This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

40. Mr. Seiden realleges and reaffirms the allegations contained in Paragraphs 1 through 26 above as if set forth hereat in full.

41. At all times material hereto, the assessment(s) purportedly owed to Rolling Green Condominium E Association constituted a "debt" or "consumer debt" as said terms are defined under Florida Statute §559.55(1).

42. At all times material hereto, Mr. Seiden was a "debtor" or "consumer debtor" as said terms are defined under Florida Statute §559.55(2).

43. At all times material hereto, Rolling Green Condominium E Association was a "creditor" as said term is defined under Florida Statute §559.55(3).

44. At all times material hereto, Defendants were "debt collector(s)" as said term is defined under Florida Statute §559.55(6).

45. As more particularly described above, Defendants have violated the FCCPA in that Defendants have claimed, attempted or threatened to enforce a debt when Defendants knew that the debt was not legitimate or asserted the existence of a legal right when such person knows the right does not exist, in contravention of Florida Statute §559.72(9).

46. As a direct and proximate result of the violation of the FCCPA by the Defendants, Mr. Seiden has been damaged. The damages of Mr. Seiden include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

47. Mr. Seiden has retained the undersigned law firm to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

48. Pursuant to Florida Statute §559.77, Mr. Seiden is entitled to recover actual and punitive damages together with statutory damages of One Thousand Dollars ($1,000.00), along with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Shraga Seiden, an individual, demands judgment for damages against Defendants, Alba Varela, P.A., a Florida professional association doing business as "LawPros Management" and "LawPros Law Firm," Law Administration Services, LLC, a Florida Limited Liability Company, doing business as "LawPros Management," Florida LawPros, P.A., a Florida corporation, doing business as "LawPros Law Firm" and "LawPros," and Alba Varela, an individual, for compensatory, statutory and punitive damages, together with interest, costs and attorney's fees pursuant to Florida Statute §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff, Shraga Seiden, an individual, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Respectfully submitted this 4th day of May, 2017.

/s/ Robert W. Murphy
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
Email: rphyu@aol.com;
rwmurphy@lawfirmmurphy.com

MANDY L. MILLS
Florida Bar No. 41654
Legal Services of Greater Miami, Inc.
4343 West Flagler Street, Suite 100
Miami, Florida 33134
(305) 438-2437 Telephone & Fax
Email: mmills@legalservicesmiami.org

JEFFREY M. HEARNE
Florida Bar No. 512060
Legal Services of Greater Miami, Inc.
4343 West Flagler Street, Suite 100
Miami, Florida 33134
(305) 438-2403 Telephone & Fax
Email: jhearne@legalservicesmiami.org

Counsel for Plaintiff